UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

                Plaintiff,

v.                                                Case No. 25-cv-386-pp

CO NICHOLAS FRY, *et al.*,

                Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING AS MOOT PLAINTIFF'S SECOND MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 6), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

Plaintiff Jonathon M. Mark filed a complaint under 42 U.S.C. §1983, alleging violations of his constitutional rights. On the date he filed the complaint, the plaintiff was incarcerated at the Fond du Lac County Jail; he is representing himself. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2,[1] and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h).

---

[1] Four days after the court received the plaintiff's first motion to proceed without prepaying the filing fee, it received from him a second motion seeking the same relief. Dkt. No. 6. Because the second motion is duplicative of the first one, the court will deny it as moot.

1

The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On April 2, 2025, the court ordered that the plaintiff was not required to pay an initial partial filing fee. Dkt. No. 10. The court gave the plaintiff a deadline of April 22, 2025 by which to notify the court if he wanted to voluntarily dismiss the case (to avoid having to pay the full filing fee). The plaintiff has not notified the court that he wants to voluntarily dismiss the case. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the filing fee.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case

2

under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The plaintiff alleges that on January 22, 2025, while he was a pretrial detainee at the Fond du Lac County Jail, he was "coming off a 24 hour

lockdown, and refused to move back to the general population and was issued a major conduct report (CR) for disobeying orders and disruptive conduct[.]" Dkt. No. 1 at 2. Defendant CO Nicholas Fry allegedly had the plaintiff placed on a "no privileges" status, meaning that the plaintiff lost all his privileges until the date of the hearing on the conduct report. Id. The plaintiff states that "no privileges" status is worse than isolation status because incarcerated individuals do not lose all privileges in isolation status. Id. Fry allegedly placed the plaintiff on "no privileges" status without due process. Id. The plaintiff alleges that defendant John/Jane Doe sergeant authorized the plaintiff's placement on "no privileges" status for disobeying orders and refusing to move. Id. at 4.

For relief, the plaintiff seeks nominal damages, punitive damages and declaratory relief. Id. at 5.

C. Analysis

"[A] pretrial detainee cannot be placed in segregation as punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535-41 (1979); Rapier v. Harris, 172 F.3d 999, 1002-06 (7th Cir. 1999)). But a pretrial detainee can be "placed in segregation not as punishment, but for managerial reasons" without being entitled to any process. Higgs, 286 F.3d at 438 (citing Bell, 441 U.S. at 535-41); Rapier, 172 F.3d at 1002-06. "Managerial reasons" could include overcrowding, protecting a detainee from himself or other incarcerated individuals or to

4

protect jail staff from the detainee's "violent propensities." Higgs, 286 F.3d at 438. "[A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of the detention facility officials, when the restriction or condition is not reasonably related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." Rapier, 172 F.3d at 1005.

The plaintiff alleges that Fry placed him on "no privileges" status when Fry issued him a major conduct report; the plaintiff says that he remained on no privileges status until the date of the hearing on his conduct report, or until he waived the hearing. The plaintiff does not say how long he remained on "no privileges" status. In another case the plaintiff filed in this district, he alleged that an incarcerated person loses all privileges from the date on which he receives a conduct report until the date of the hearing on the conduct report, which is usually three to five days. Mark v. Baumgartner, Case No. 25-cv-259-pp (E.D. Wis.), Dkt. No. 1 at 3.

The Court of Appeals for the Seventh Circuit has determined that pretrial detainees are not entitled to pre-deprivation hearings which means that pretrial detainees may be removed from the general population before receiving a hearing. In Holly v. Woolfolk, 415 F.3d 678, 680 (7th Cir. 2005), the court of appeals determined that a pretrial detainee who spent two days in solitary confinement without a prior hearing did not state a due process claim. The court analogized the period before the disciplinary hearing to pretrial detention following an arrest and held that the hearing the pretrial detainee received

5

forty-eight hours after his placement in solitary confinement was all the process that was due him. Id. at 681 ("Due process permits an arrest without a previous hearing because it is dangerous to allow a person who the police have probable cause to believe has committed a crime to roam at large while awaiting a hearing. It is equally dangerous to allow a prisoner who the guards have probable cause to believe has violated a disciplinary rule to roam at large in the general jail population."). "[T]he isolation of a prisoner pending investigation of misconduct charges against him serves important institutional interests . . . ." Id. (quoting Hewitt v. Helms, 459 U.S. 460, 473-74 (1983)).

The law does not require that the plaintiff receive a pre-deprivation hearing before being placed on "no privileges" status. The plaintiff's allegations that he was placed on "no privileges" status pending a disciplinary hearing after he received a conduct report for refusing to move from lockdown status to the general population does not implicate his constitutional rights. He has not stated a claim for violation of his constitutional rights.

Although courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015)). It would be futile to allow the plaintiff to file an amended complaint regarding his claim that he was placed on loss of privileges status without a hearing. The applicable case law

6

establishes that pretrial detainees do not have a constitutional right to a pre-deprivation hearing pending a hearing on a conduct report.

The plaintiff has a long history of filing civil rights cases in the Eastern District of Wisconsin, having filed forty-four cases since 2005. He owes the court **$7,684.89** in filing fees from those cases. The plaintiff has a record of losing interest in his cases upon release from confinement. When he filed this case, he had accumulated two "strikes" under 28 U.S.C. §1915(g), meaning that two of his cases had been dismissed as frivolous, malicious or for failure to state a claim.[2] This is the third time the court has dismissed one of the plaintiff's cases as frivolous or for failure to state a claim. This dismissal is the plaintiff's third "strike" and will take effect when the court enters judgment in this case. Coleman v. Tollefson, 575 U.S. 532, 538–40 (2015).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). The court advises the plaintiff that he is barred from proceeding without prepaying the full filing fee in any future civil lawsuit he may file while he is a "prisoner" within the meaning of §1915(h) unless he is in imminent danger of serious physical injury. If the plaintiff files any new civil

---

[2] See Mark v. Zagorski, Case No. 24-cv-430-pp (dismissed on September 20, 2024 for failure to state a claim); Mark v. Zagorski, Case No. 24-cv-404-pp (dismissed on November 20, 2024 for failure to state a claim).

lawsuit without paying the entire $405 civil filing fee, the complaint must contain allegations sufficient to show that, at the time of filing the complaint, he is in imminent danger of serious physical injury. If a new complaint does not sufficiently allege imminent danger, the court will dismiss it without prejudice. The plaintiff then will have an opportunity to file a motion to reopen the case—accompanied by the entire civil filing fee—within twenty-eight days.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's second motion for leave to proceed without prepaying the filing fee. Dkt. No 6.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim. The court will enter judgment accordingly.

The court will document that the plaintiff has incurred his third "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the plaintiff must pay the $350 filing fee to the court as he is able.

The court will email a copy of this order to DLSFedOrdersEastCL@doj.state.wi.us.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment.

See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court*. See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed another "strike" by the Court of Appeals if it concludes that his appeal has no merit. Because the plaintiff has incurred three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 29th day of October, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

10

Case 2:25-cv-00386-PP   Filed 10/29/25   Page 10 of 10   Document 12