UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JONATHON M. MARK,

                    Plaintiff,

       v.                                           Case No. 25-cv-386-pp

CO NICHOLAS FRY, *et al.*,

                    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND JUDGMENT (DKT. NO. 15) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 14)**

Plaintiff Jonathon M. Mark, who is confined at the Wisconsin Secure Program Facility[1] and is representing himself, filed a complaint under 42 U.S.C. §1983. In October 2025, the court screened the complaint under 28 U.S.C. §1915A and dismissed it for failure to state a claim. Dkt. No. 12. The plaintiff since has filed a "Motion for Reconsideration and Alter or Amend Judgment" under Federal Rule of Civil Procedure 59(e) in which he contends that the court erred in dismissing the case without giving him leave to file an amended complaint. Dkt. No. 15. He also has filed a motion for an extension of time to appeal. Dkt. No. 14. This order denies the plaintiff's Rule 59(e) motion and denies as moot his motion for extension of time to appeal.

---

[1] When he filed these motions, the plaintiff was at the Fond du Lac County Jail. See Dkt. No. 14-1. The Wisconsin Department of Corrections Locator website shows that on April 6, 2026, he was transferred to the Wisconsin Secure Program Facility. https://appsdoc.wi.gov/lop/details/detail (for "Mark, Jonathon M," register #00330078).

1

## I.  Rule 59(e) Standard of Review

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present any newly-discovered evidence. This means that under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings were a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

## II.  Discussion

In his complaint, the plaintiff alleged that on January 22, 2025, while he was a pretrial detainee at the Fond du Lac County Jail, he received a major conduct report for disobeying orders and disruptive conduct after he refused to move back to general population following a "24 hour lockdown[.]" Dkt. No. 1 at 2. Defendant CO Nicholas Fry allegedly had the plaintiff placed on a "no privileges" status without due process, meaning that the plaintiff lost all his privileges until the date of the hearing on the conduct report. Id. The plaintiff

2

alleged that "no privileges" status is worse than isolation status because incarcerated individuals do not lose all privileges in isolation status. Id.

At screening, the court determined that the complaint failed to state a claim:

> "[A] pretrial detainee cannot be placed in segregation as punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535-41 (1979); Rapier v. Harris, 172 F.3d 999, 1002-06 (7th Cir. 1999)). But a pretrial detainee can be "placed in segregation not as punishment, but for managerial reasons" without being entitled to any process. Higgs, 286 F.3d at 438 (citing Bell, 441 U.S. at 535-41); Rapier, 172 F.3d at 1002-06. "Managerial reasons" could include overcrowding, protecting a detainee from himself or other incarcerated individuals or to protect jail staff from the detainee's "violent propensities." Higgs, 286 F.3d at 438. "[A] particular measure amounts to punishment when there is a showing of express intent to punish on the part of the detention facility officials, when the restriction or condition is not reasonably related to a legitimate non-punitive government purpose, or when the restriction is excessive in light of that purpose." Rapier, 172 F.3d at 1005.

> The plaintiff alleges that Fry placed him on "no privileges" status when Fry issued him a major conduct report; the plaintiff says that he remained on no privileges status until the date of the hearing on his conduct report, or until he waived the hearing. The plaintiff does not say how long he remained on "no privileges" status. In another case the plaintiff filed in this district, he alleged that an incarcerated person loses all privileges from the date on which he receives a conduct report until the date of the hearing on the conduct report, which is usually three to five days. Mark v. Baumgartner, Case No. 25-cv-259-pp (E.D. Wis.), Dkt. No. 1 at 3.

> The Court of Appeals for the Seventh Circuit has determined that pretrial detainees are not entitled to pre-deprivation hearings, which means that pretrial detainees may be removed from the general population before receiving a hearing. In Holly v. Woolfolk, 415 F.3d 678, 680 (7th Cir. 2005), the court of appeals determined that a pretrial detainee who spent two days in solitary confinement without a prior hearing did not state a due process claim. The court analogized the period before the disciplinary hearing to pretrial detention following an arrest and held that the hearing the pretrial

3

detainee received forty-eight hours after his placement in solitary confinement was all the process that was due him. Id. at 681 ("Due process permits an arrest without a previous hearing because it is dangerous to allow a person who the police have probable cause to believe has committed a crime to roam at large while awaiting a hearing. It is equally dangerous to allow a prisoner who the guards have probable cause to believe has violated a disciplinary rule to roam at large in the general jail population."). "[T]he isolation of a prisoner pending investigation of misconduct charges against him serves important institutional interests . . ." Id. (quoting Hewitt v. Helms, 459 U.S. 460, 473-74 (1983)).

The law does not require that the plaintiff receive a pre-deprivation hearing before being placed on "no privileges" status. The plaintiff's allegations that he was placed on "no privileges" status pending a disciplinary hearing after he received a conduct report for refusing to move from lockdown status to the general population does not implicate his constitutional rights. He has not stated a claim for violation of his constitutional rights.

Dkt. No. 12 at 4-6.

The court determined that it would be futile to allow the plaintiff to file an amended complaint regarding his claim that he was placed on loss of privileges status without a hearing, because the applicable case law establishes that pretrial detainees do not have a constitutional right to a pre-deprivation hearing pending a hearing on a conduct report.[2] Id. at 6.

In the instant motion to reconsider, the plaintiff states that the court erroneously assumed that his placement on no privileges status was for managerial reasons. Dkt. No. 15 at 2. The plaintiff asserts that his placement on no privileges status was intended as punishment. Id. He says he lost video

---

[2] The court referenced the plaintiff's long history of filing civil rights cases in the Eastern District of Wisconsin (he has filed forty-four cases here since 2005) and the fact that the plaintiff owes the court $7,684.89 in filing fees from those cases. Dkt. No. 12 at 7.

4

visits, phone use, email and the ability to write letters to family and friends. Id. The plaintiff also states that he was denied books and publications as well as use of his tablet, which prevented him from reading a religious book. Id. He also says that "jail staff did not put anyone else on a 'no privileges status', no other jails do this, and the prisons do not do this[.]" Id.

Contrary to the plaintiff's assertion in the instant motion, the court did not assume that he was placed on loss of privileges status solely for managerial reasons. The court said that the plaintiff was placed on the status pending the disciplinary hearing on his major conduct report as is the jail's custom. In another of the plaintiff's cases filed in this district, he said that when incarcerated persons at the jail receive a major conduct report, they are placed on loss of privileges status until the hearing on that conduct report, which usually is three to five days later. Mark v. Baumgartner, Case No. 25-cv-259-pp (E.D. Wis.), Dkt. No. 1 at 3. Under Holly v. Woolfolk, 415 F.3d at 680, the jail was not required to conduct a pre-deprivation hearing before placing the plaintiff on loss of privileges status. The defendants did not violate the plaintiff's due process rights based on the failure to hold a hearing.

At screening, the court acknowledged that although its usual practice is to give a plaintiff an opportunity to amend a complaint, it need not do so where the amendment would be futile. See Zimmerman v. Bornick, 25 F.4th 491, 493-94 (7th Cir. 2022) (instructing that a district court should give a plaintiff representing himself an opportunity to amend his complaint unless it is "certain that amendment would be futile or otherwise unwarranted"). The

5

plaintiff has not shown that the court erred by not giving him an opportunity to file an amended complaint. The court will deny the plaintiff's motion to alter or amend judgment.

Finally, the plaintiff asked for an extension of his time to appeal. Dkt. No. 14. The period for filing a notice of appeal runs from the date of this court's order denying this instant motion to alter or amend judgment. See Fed. R. App. P. 4(a)(4)(A)(iv). There is no need for an extension, and the court will deny as moot the plaintiff's motion for extension of time.

## III.    Conclusion

The court **DENIES** the plaintiff's motion for reconsideration and to alter or amend judgment. Dkt. No. 15.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time to appeal. Dkt. No. 14.

Dated in Milwaukee, Wisconsin this 19th day of May, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

6